IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JULIAN ROBINSON | : | CIVIL ACTION |
| | : | NO. 08-4561 |
| v. | : | |
| | : | |
| DARBY BOROUGH AND | : | |
| DARBY POLICE DEPARTMENT | : | |

O'NEILL, J.                                                                                April 13, 2010

## MEMORANDUM

Before me are defendants Darby Borough's and Darby Police Department's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and plaintiff's response. For the following reasons, defendants' motion will be granted and plaintiff's complaint will be dismissed.

## BACKGROUND

Plaintiff filed a two count action against defendants arising out of his arrest on September 11, 2007 which alleges negligence and the violation of 42 U.S.C. § 1983. These are his allegations. After being arrested, plaintiff was struck in the head by an officer who was placing him in the rear of the police vehicle. Plaintiff then was "thrown about the rear of the vehicle" while the officers drove him to the station. At the station, he was struck in the chest by an officer, knocking him into a wall. At the station house he began to experience discomfort and sustained various injuries and damages. After his release, plaintiff contacted the Darby Police Department to file a complaint. The same two officers were dispatched in response and told him no one was on duty to take his complaint.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action

for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Typically, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," though plaintiff's obligation to state the grounds of entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). The complaint must state "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Wilkerson v. New Media Tech. Charter School Inc., 522 F.3d 315, 321 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556). The Court of Appeals has recently made clear that after Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937, 1955, 173 L. Ed. 2d 868 (2009), "conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.' To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Iqbal, 129 S. Ct. at 1949). The Court also set forth a two part-analysis for reviewing motions to dismiss in light of Twombly and Iqbal: "First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. at 210-11 (quoting Iqbal, 129 S. Ct. at 1950). The Court explained, "a complaint must do more than allege

2

the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Id. (citing Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008)). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" Iqbal, 129 S. Ct. at 1949.

ANALYSIS

Plaintiff concedes that defendant Darby Borough Police Department does not have an existence independent from that of the Borough of Darby. Because a police department is simply an administrative arm of the municipality and is not amenable to suit as a separate entity, I will dismiss the claims against defendant Darby Borough Police Department. See Regalbuto v. City of Philadelphia, 937 F. Supp. 364, 377 (E.D. Pa. 1995); Baldy v. City of Philadelphia, 609 F. Supp. 162, 168 (E.D. Pa. 1987); and Johnson v. City of Erie, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993).

Plaintiff's claims against Darby Borough are for negligence and violation of § 1983. With respect to the first count, Pennsylvania's Political Subdivision Tort Claims Act, 42 Pa. C.S.A. § 8541 et seq., "grants broad immunity from tort suits to local agencies." Perez v. City of Bethlehem, Civ. A. No. 96-1632, 1996 U.S. Dist. LEXIS 9394, at *10 (E.D. Pa. July 2, 1996). The Act provides that a local agency shall only be liable for damages to a person if

> [t]he injury was caused by the negligent acts of the local agency or an employee thereof acting within the scope of his office or duties with respect to one of the categories listed in subsection (b). As used in this paragraph, 'negligent acts' shall not include acts or conduct which constitutes a crime, actual fraud, actual malice or willful misconduct.

3

42 Pa. Cons. Stat. Ann. § 8542(a)(2). Defendant argues that rather than a claim for negligence plaintiff "clearly asserts claims of intentional tortious conduct in the form of excessive or unreasonable force." Specifically, plaintiff alleges:

> The negligent intention of Defendant to cause harm to Plaintiff includes but is not necessarily limited to the following:
> a. purposely striking Plaintiff's head while placing him into a police vehicle;
> b. purposely cause Plaintiff injury by driving erratically;
> c. purposely striking Plaintiff in the chest, knocking him into a wall.

Comp. ¶ 22. Thus, plaintiff's classification of the claim as one for "negligence" conflicts with the express wording of the complaint which alleges purposeful acts. See Zernheld v. Lehigh County Office of Children and Youth Services, 659 A.2d 89, 90 (Pa. Commw. Ct. 1995) (rejecting plaintiffs' claim for negligent infliction of emotional distress when they recharacterized the allegation as one of negligence instead of an intentional tort) (citing Kearney v. City of Philadelphia, 616 A.2d 72, 74 (Pa. Commw. Ct. 1992). Plaintiff's allegations are more aptly characterized as willful misconduct or intentional torts, such as assault or battery. Therefore, plaintiff's claim for "negligence" against the Borough will be dismissed.[1]

---

[1] The Act also requires that a claim relate to one of eight proscribed areas including "vehicle liability" and provides that a local agency is liable for the operation of a motor vehicle in the agency's possession or control. 42 Pa. Cons. Stat. Ann. § 8542(b)(1). Plaintiff's only response to defendants' argument–i.e., that he "clearly alleges injury to his person as a result of police actions while being transported in a vehicle owned by defendant Darby Borough, [sic] Thus the State claims must stand"–appears to be directed at this second element for stating a claim under the Act. However, plaintiff's response does not address the fact that he has only alleged purposeful acts. Even if the officers' acts were done with a motor vehicle in the possession and control of the Borough, plaintiff has failed to allege that the acts were done negligently and the first element has not been met.

Finally, plaintiff alleges that the officers used unnecessary force and refused to "take"[2] his complaint in violation of § 1983. In Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691, 56 L. Ed. 2d 611, 98 S. Ct. 2018 (1978), the Supreme Court held that "a municipality cannot be held liable under § 1983 on a respondeat superior theory." Section 1983 may give rise to municipal liability when a constitutional violation occurs as a result of "a policy, regulation, or decision officially adopted by the municipality or informally adopted by custom." Benckini v. Coopersburg Police Dep't, Civ. A. No. 03-3671, 2004 U.S. Dist. LEXIS 14663, at *18 (E.D. Pa. July 27, 2004) (citing Monell at 691). A plaintiff must also show that the custom or practice was the proximate cause of his injury. Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990). Here, plaintiff's complaint is devoid of any allegations which would tend to establish that Darby Borough has any "policy, regulation or custom" that motivated any of the officers' allegedly unlawful actions. Therefore, I will dismiss the § 1983 claim as well.

An appropriate Order follows.

---

[2] I understand the plaintiff to mean that the officers who were dispatched would not formally register his complaint.